### EMMA ENGLAND, Admx.

*v.*

### ELIZABETH SELBY.

1. INSTRUCTION—*should not assume a question of fact.* Parties met at the office of a conveyancer, one executing a note payable to the other, and executing and acknowledging a mortgage to secure the same. The papers were left with the officer. Subsequently, the mortgagee brought replevin against the officer for the note and the mortgage. In that suit it was held the court properly refused an instruction that if the note and mortgage were left by the parties with defendant without any agreement as to when they were to be delivered, or as to the condition upon which they were to be delivered, then defendant had the right to hold them until both parties agreed to the delivery—and that until such agreement, there could be no unlawful detention by defendant. The instruction assumed there had been no actual delivery to the mortgagee before the leaving of the papers with the defendant, and the court had no right to take that question from the jury.

2. BILL OF EXCEPTIONS—*what it should contain.* In the same case, the bill of exceptions did not purport to contain all the instructions given for the defendant, so, for aught that appeared, the jury may have been fully charged on the questions involved in the refused instruction,—and for that reason there was no error in its refusal.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. ADRIAN L. HUMPHREY, for the appellant.

Mr. LEANDER DOUGLASS, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is an action of replevin, brought by Mrs. Selby against Warren England, for a certain note and mortgage for $800, dated April 7, 1876, executed by Dean Simpkins to Mrs. Selby, the plaintiff.

Warren was an attorney and conveyancer. Dean Simpkins and Mrs. Selby met at his office and he prepared the note and mortgage, and then and there Dean Simpkins signed the note and signed, sealed and acknowledged the mortgage. Issues were formed, and a trial by jury had. The verdict was for plaintiff, and judgment on the verdict for plaintiff. England appealed to this court. He afterwards died, and this appeal is prosecuted by the administratrix of his estate.

Counsel for her insists that ·the verdict is not supported by the proofs, or, in other words, the plaintiff failed to prove title or right of possession in the note and mortgage in question. This is a question of fact, unmixed with any debatable question of law. We have examined carefully the proofs preserved in the bill of exceptions, and think they fully sustain the verdict. A detailed discussion of the evidence could profit no one.

It is complained by counsel for appellant that the court refused to give an instruction saying, in substance, that if the note and mortgage were left by the parties with defendant without any agreement as to when they were to be delivered, or as to the condition upon which they were to be delivered, then defendant had the· right to hold them until both parties agreed to the delivery, and until such agreement there could be no unlawful detention by defendant.

The instruction assumes that there had, in fact, been no actual delivery to Mrs. Selby of the note and mortgage by the maker before the supposed leaving of the papers with defendant. The court had no right to take that question from the jury. To the mortgage was attached an acknowledgment certified by the defendant, saying the mortgage had been exe-

cuted. It was not the duty of the court to decide that this proof had been o.vercome. Again, the bill of exceptions does not purport to contain all the instructions given for the defendant, and the jury may have been fully charged on the questions defendant attempted to present in this instruction.

On the proofs we think truth has been sustained by the verdict, and righteous justice done by the judgment.

The judgment must be affirmed.

*Judgment affirmed.*